Thomas M. Daniel
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

John R. Tyler (*pro hac vice to be filed*)
RTyler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Non-Party
GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00055-RRB-JDR |
| Plaintiff, | |
| v. | |
| ALAN MICHAEL BARTLETT, | |
| Defendant. | |

**NON-PARTY GOOGLE INC.'S MOTION TO QUASH OR AMEND
SUBPOENA FOR TESTIMONY PURSUANT TO FED. R. CRIM. P. 17**

## I.  INTRODUCTION

The Government wants Google's Custodian of Records to travel over three

thousand miles to authenticate a prior production of business records and provide

basic information about Google's free email service, Gmail. But Google may not

PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000 / Facsimile 206.359.9000

have a competent witness available to travel to Anchorage during trial, and live testimony should be unnecessary here in any event. The Court should therefore quash the Government's subpoena to Google, or in the alternative, permit Google's Custodian of Records to appear remotely.

The Government does not need Google's live testimony: Federal Rule of Evidence 902(11) obviates the need for a live witness to authenticate business records, and the Government can provide its own witness to review Google's website and services (which provides all the information the Government seeks about Gmail) and relay that information. Google understands that the Government seeks live testimony because Defendant has taken the position that a declaration is inappropriate and because the Government lacks a witness capable of reviewing Google's services in order to explain how they work. But the Defendant's position is unreasonable, and if the Government lacks someone internally who is familiar with setting up an email account, it can retain an expert located in Anchorage. Google therefore requests that the Court quash the subpoena.

Alternatively, if required to appear, the Court should permit Google to appear via two-way video conference. Google's few competent witnesses are already obliged to attend different trials in Idaho and Hawaii, and are unable to reasonably travel to Anchorage. The testimony sought in this case does not implicate the Confrontation Clause, but even if it did, video testimony would be permissible: it would satisfy an important public policy by permitting the Government to offer testimony from an otherwise unavailable witness; there is no question as to reliability; and the witness would be competent, under oath, and in plain view of the judge and jury.

GOOGLE'S MOTION TO QUASH SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

-2-

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000 / Facsimile 206.359.9000

## II. FACTS

On August 31, 2011, Google received a subpoena from the Government requesting certain business records. Declaration of Despina Papageorge in Support ("Papageorge Decl."), ¶ 4. On September 29, 2011, Google produced responsive records along with a certificate of authenticity in support. *Id*., Ex. C.

Google received a subpoena dated December 9, 2014, directing its Custodian of Records to appear in court in February to testify about the records produced in September 2011. Papageorge Decl., Ex. B. The subpoena also asks for a Google witness to explain "what primary and secondary email accounts are and . . . what kinds of secondary email accounts exist," and "whether multiple individuals can register the same email address within gmail.com." *Id*.

In January 2015, Google explained to the Government that testimony should be unnecessary because Google's production of business records is self-authenticating, and because the Government could easily review Google's Help Center and relay that information to the jury itself. Declaration of John Tyler in Support ("Tyler Decl."), ¶ 2. The Government responded that the Defendant refused to stipulate to authenticity and that no available Government agent was capable of reviewing the Help Center and providing the necessary testimony. *Id*.

On March 16, 2015, Google received another subpoena seeking additional business records. Papageorge Decl., Ex. A. On May 1, 2015, Google produced responsive records along with a certificate of authenticity. *Id*., Ex. B.

On June 29, 2015 the Government contacted Google to explain that its testimony would be needed for trial during the week of July 20, 2015. Papageorge Decl., ¶ 6. Google reiterated its belief that live testimony should be unnecessary

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

-3-

and further explained that because it was short staffed during the week of July 20, 2015 it had no competent witness available to make a reasonable trip to Anchorage. Tyler Decl., ¶ 3, Ex. A; Papageorge Decl., ¶ 8. Google asked the Government if it would agree to allow Google to appear via video conference. Tyler Decl., ¶ 3, Ex. A-B. The Government indicated while it was not opposed to remote testimony, only the Court could authorize it. *Id.*, ¶ 6.

In the meantime, the Government made travel arrangements for Google's Custodian of Records. Papageorge Decl., Ex. E. In part because of existing trial commitments requiring Google's Custodian to appear in court in Hawaii that same week, Google's Custodian would need to leave California late in the afternoon on July 22, 2015, likely arriving at her hotel after midnight; appear in Court the next day by 8:30 a.m. and be available all day to testify; and then leave that evening on an overnight flight that arrives in California on Friday mid-morning. *Id.*, ¶ 7-8, Ex. E; Tyler Decl., Ex. B. In other words, Google's Custodian would need to spend approximately 24 out of 40 hours traveling to and from Anchorage to provide boilerplate testimony. Papageorge Decl., ¶ 7-8, Ex. E; Tyler Decl., Ex. B. And if the other trials do not run on schedule, Google's Custodian may be unable to travel to Anchorage at all. Papageorge Decl., ¶ 8. Google therefore files this motion.

### III.    ARGUMENT

Federal Rule of Criminal Procedure 17(c)(2) permits a court to "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., U.S. v. Bergeson*, 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P.

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH
SUBPOENA                                      -4-
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

17(c)(2)); *U.S. v. Washington*, No. CR 11–61–M–DLC, 2012 WL 3061519 (D. Mont. July 26, 2012) (granting motion to quash witness subpoena under Rule 17(c)(2)).

## A. Google's Live Testimony Is Unnecessary To Authenticate Business Records

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity as "shown by the testimony of the custodian or other qualified witness, or by a certification that complies with Rule 902(11)…." (emphasis added). Under Federal Rule of Evidence 902(11), extrinsic evidence of authenticity is not required for the admissibility of business records that meet the requirements of Rule 803(6).

Here, the documents contain information recorded by Google servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Papageorge Decl. Ex. B-C; see also Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity and made in the course of regularly conducted activity as a regular practice by Google. *See* Papageorge Decl. Ex. B-C; *see also* Fed. R. Evid. 803(6)(C),(D). Google is aware of no allegation of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). There is thus no dispute that the documents are Google's business records under Rule 803(6) and that Google's declarations comply with Federal Rule 902(11). Therefore, the documents have been authenticated, and further testimony would be duplicative and unreasonable. *U.S. v. Anekwu*, 695 F.3d 967 (9th Cir. 2012) (rejecting Confrontation Clause challenge from defendant and upholding admission of foreign mailbox applications and banks records authenticated by

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH          -5-
SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

certificate from records custodian, noting that use of certificates is permissible where the purpose is solely to authenticate records and not to establish facts); *see also U.S. v. Davis*, 531 Fed. Appx. 65, 69 (2d Cir. 2013) (rejecting appeal under the Confrontation Clause, and upholding admission of video surveillance footage without live testimony of video technician, noting that "the primary purpose" of the footage was "related to the safety and security . . . not [ ] establishing or proving some fact at trial."); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *U.S. v. Green*, 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished).

The Supreme Court's decisions in *U.S. v. Melendez-Diaz*, 557 U.S. 305 (2009) (upholding Confrontation Clause challenge against admission of analyst report attesting that the substance analyzed was cocaine) and *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011) (upholding Confrontation Clause challenge against admission of blood alcohol analysis) do not change this analysis, because those cases concerned reports expressly produced for purposes of a criminal proceeding. By contrast, and as explained in *Melendez-Diaz*, "[b]usiness and public records are generally admissible absent confrontation" because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" and are therefore "not testimonial." *Melendez-Diaz*, 557 U.S. at 324.

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

-6-

**B.     The Government Does Not Need Google's Live Testimony To Provide Information About Gmail**

The Government wants a Google witness to explain what a "secondary email address" is and to explain whether more than one person can register the same Gmail address. Papageorge Decl., Ex. C. This is basic information that is readily available to the Government, which can obtain its own witness to so testify. Alternatively, courts have approved testimony from law enforcement officials regarding electronic communications services such as Google. *U.S. v. Espinal-Almeida*, 699 F.3d 588, 611-13 (1st Cir. 2012) (affirming use of government agent's non-expert testimony to admit evidence derived from GPS device and Google Earth software); *U.S. v. Cameron*, 729 F. Supp. 2d 411, 416-18 (D. Me. 2010) (discussing the government's intended use of testimony from FBI agent to "explain how Google Hello operated; how the user created an account and set options; how the user identified and accepted 'friends;' how chat occurred; how images were traded and saved; how the chat and images were displayed during chat sessions; and how the chat logs and the images were available for later access and use by the user."); *U.S. v. Hallock*, No. 10–10421, 2011 WL 4894398, at *2 (9th Cir. Oct. 14, 2011) (affirming testimony by FBI agent regarding Google service) (unpublished); *U.S. v. Weste*, 419 Fed. Appx. 507, 509 (5th Cir. 2011) (describing testimony from "a government case agent . . . that the IP addresses from which several of the threatening emails were sent could be traced to [defendant]").

Here, a witness—whether a law enforcement agent or a retained expert— can visit Google's Help Center to learn that a "recovery email" is an email address

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH            -7-
SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

that a Gmail user provides to "make[] it easier for you to regain access to your account if you forget your password or are locked out." *See* Set up a recovery phone number or email address, Google Accounts Help (available at https://support.google.com/accounts/answer/183723?hl=en). That same witness can then create a Gmail account using a particular user name, and then attempt to create a second Gmail account with the exact same user name, document the results, and explain the process to the jury. This simple procedure requires no significant computer expertise at all, and an otherwise unavailable Custodian of Records should not have to travel over six thousand miles in less than two days to explain it.

## C.    Google Should Be Permitted to Appear Remotely

Should the Court determine that Google's testimony is required, Google requests that its Custodian of Records be permitted to appear remotely, via two-way video conference. Google may have no Custodian of Records reasonably available to travel to Anchorage during the week of trial, and the Court should not require Google's witness to make the unreasonable trip currently contemplated. Papageorge Decl., ¶ 7-8, Ex. E. Because Google's testimony in this case does not implicate the Confrontation Clause at all, as described above, its remote appearance does not raise any constitutional issue.

Even assuming the Confrontation Clause applies, however, the Court should permit remote testimony. The Supreme Court has not addressed whether

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH          -8-
SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

the Confrontation Clause limits two-way video testimony,[1] but even under the test for one-way-video testimony, Google's remote appearance is permissible because it furthers an important public policy and because the reliability of Google's testimony is assured. *U.S. v. Rosenau*, 870 F. Supp. 2d 1109, 1113 (W.D. Wash. 2012) (citing *Craig*, 497 U.S. at 849 (holding that the Confrontation Clause "preference for face-to-face confrontation . . . must occasionally give way to considerations of public policy and the necessities of the case.")). Google could not otherwise reasonably attend and its reliability with respect to its records and products is unchallenged; moreover, "the witness [will] be competent and testify under oath; [will] undergo contemporaneous cross examination; and [ ] the judge, jury and defendant [will] view the demeanor and body, 'albeit by video monitor,' of the witness as he or she testifies." *Rosenau*, 870 F. Supp. 2d at 1113-14 (granting request for video testimony where government witnesses were located in Canada and unable to enter the United States); *see also People v. Wrotten*, 14 N.Y.3d 33 (2009), *cert denied*, 560 U.S. 959 (2010) (permitting witness, who lived in California, to testify in New York trial via two-way videoconference because witness's health made it risky for him to travel). Accordingly, should the Court require Google's testimony, it should permit Google to appear via video

---

[1] The Supreme Court's decision in *Maryland v. Craig*, 497 U.S. 836 (1990), applies only to one-way video testimony. *Cf. Wrotten v. New York*, 560 U.S. 959 (2010) (Sotomayor, J., respecting denial of certiorari) (noting that *Craig* does "not obviously answer" the question of whether the Confrontation Clause is implicated where the government introduces testimony "via a two-way video that enabled the testifying witness to see and respond to those in the courtroom, and vice versa."); *State v. Rogerson*, 855 N.W. 2d 495, 500 (Iowa 2014) ("[T]he Supreme Court has not decided what test should govern two-way video testimony.")

GOOGLE'S MOTION TO QUASH SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

-9-

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
206.359.8000 / Facsimile 206.359.9000

conference.

## IV.    CONCLUSION

For the aforementioned reasons, the Court should quash the Government's subpoena as unnecessary or, in the alternative, permit Google to appear and testify remotely.

DATED:  July 14, 2015.

**PERKINS COIE LLP**

s/ Thomas M. Daniel
Thomas M. Daniel
Alaska Bar No. 8601003

s/ John R. Tyler
John R. Tyler *(pro hac vice to be filed)*
Washington Bar No. 42097

Attorneys for Non-Party
GOOGLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2015, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:13-cr-00044-RRB-JDR who are registered CM/ECF users will be served by the CM/ECF system.

s/ Thomas M. Daniel

**PERKINS COIE** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
206.359.8000 / Facsimile 206.359.9000

GOOGLE'S MOTION TO QUASH
SUBPOENA
3:13-cr-00055-RRB-JDR
41063-0096/LEGAL126816336.2

-10-